UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOHAN BALCACER, : | |
| : | |
| Petitioner, : | Civ. No. 19-22029 (KM) |
| : | |
| v. : | |
| : | |
| PATRICK NOGAN, : | **MEMORANDUM AND ORDER** |
| : | |
| Respondent. : | |

  Pro se Petitioner Yohan Balcacer has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 6.) This Petition, like his first, seeks to challenge a 2014 state conviction for possession of imitation controlled dangerous substances with the intent to distribute and eluding. (*Id.* at 1.) Petitioner was sentenced to four years with two years of parole ineligibility on the possession charge, to be served consecutively to eight years of imprisonment with four years of parole ineligibility on the eluding charge. (DE 6-5 at 2.)[1] The Appellate Division affirmed his conviction. (DE 6-2.) The New Jersey Supreme Court then denied certification. (DE 6-3.)

  Petitioner's trial judge denied Petitioner's first petition for post-conviction relief (PCR). (DE 6-4 (App. Div. Op.); 6-6 (PCR brief).) The New Jersey Supreme Court again denied certification. *State v. Balcacer*, 240 N.J. 162, 220 A.3d 1005 (2019).

  Shortly thereafter, Petitioner filed his first habeas petition in this Court. In that petition, Petitioner cited his state court filings without elaborating upon his stated grounds for relief. I dismissed that petition, informing Petitioner that he had failed to comply with the rules governing habeas procedures because the petitions did not "specify all grounds available for relief" or "state the facts supporting each ground." Rule 2(c), 4; 28 U.S.C. § 2254. As I stated in a subsequent order (DE 5), Petitioner's next filing (DE 4), a letter, did not fix the issues with his petition.

  Petitioner's newest filing (DE 6) remains ambiguous, asserting (as before) that the state court filings, including his PCR petition, "explain everything." (DE 6 at 6). They do not. However, I will set forth what claims I *can* glean from Petitioner's exhibits, grant Petitioner a chance to supplement or correct that interpretation, and order Respondent to answer or move to dismiss.

---

[1] Petitioner was released from prison in 2020. (DE 8.)

I will begin with the grounds which Petitioner has explicitly stated. First, Point One of Petitioner's PCR brief alleges that trial counsel was ineffective in failing to file a timely notice of alibi and failing to elicit a complete alibi, and that appellate counsel on his direct appeal was ineffective for failing to pursue trial counsel's ineffectiveness. (DE 6-6 at 12.) This is mentioned in this Petition's Ground One, which alleges ineffective assistance of counsel for failure to present Petitioner's alibi. (DE 6 at 6.) The claim was rejected by state courts. (DE 6-5 at 7; DE 6-4.)

Second, Point Two of Petitioner's PCR brief alleges that trial counsel was ineffective in failing to seek a *Wade* hearing to challenge the eyewitness identification of Petitioner. (DE 6-6 at 22.) Like the alibi argument, this is also mentioned in the newest Petition's Ground One. (DE 6 at 6.) This claim was also rejected by the Appellate Division. (DE 6-5 at 8.)

Grounds Two through Four are more enigmatic. They simply cite Petitioner's PCR brief and the Appellate Division opinion without any elaboration. (DE 6 at 8-11.) From those documents, I can discern two more claims. The first (Petitioner's third overall) comes from Petitioner's third point in his PCR appeal, that he was "coerced into forgoing his testimony due to trial counsel's ineffective representation." (DE 6-5 at 6.)

The second (Petitioner's fourth overall) derives from Petitioner's fourth point in the same appeal: that the "cumulation of errors by trial counsel resulted in a fundamentally unfair process." (*Id.*) I take this to reference the prior grounds and encompass additional allegations contained in Petitioner's PCR certification: that his trial attorney failed to meet with Petitioner to discuss trial strategy and that Petitioner did not have access to full discovery. (DE 6-6 at 11.) It is unclear to what extent Petitioner actively pursued these claims in state court, or whether any state addressed these claims.

Each claim passes muster under the required habeas screening and may proceed. However, the stated grounds for relief must be made explicit because any second or successive habeas petition under § 2254 must be dismissed unless certain very specific and rare circumstances (not clearly present here) exist. See 28 U.S.C. § 2244. "As a result of the AEDPA's two-strike rule, it is essential that habeas petitioners include in their first petition all potential claims for which they might desire to seek review and relief." *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000).

In other words, absent rare exceptions, Petitioner will be limited to the contents of this Petition, as I have interpreted them. Should Petitioner believe that I have mischaracterized or missed an intended ground for relief, he will have 30 days to supplement his Petition. If Petitioner does not send any response, he will be bound by his current petition, as I have interpreted it.

When that 30 day deadline has passed, with or without a response, Repondent will have 45 days to file an answer or motion to dismiss.

IT IS, THEREFORE, this 26th day of January, 2022,

ORDERED that Petitioner may, on or before February 25, 2022, file a response to this Order supplementing or clarifying this Court's interpretation of Petitioner's grounds for relief; and it is further

ORDERED that the Clerk of Court shall serve, pursuant to Rule 4 of the Rules Governing § 2254 Cases and the Memorandum of Understanding between this Court and the Bureau, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"); and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a county prosecutor's office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

ORDERED that on or before April 4, 2022, Respondent may defer filing an answer, and instead file a motion to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996, which (1) attaches exhibits that evince all relevant state-court filing dates, (2) contains legal argument discussing pertinent timeliness law, and (3) demonstrates that an answer to the merits of the petition is unnecessary; and it is further

ORDERED that if a motion to dismiss is filed, petitioner shall have thirty (30) days thereafter to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the motion to dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

ORDERED that if Respondents do not opt to file a motion to dismiss the petition, Respondents shall, on or before April 4, 2022, file a full and complete answer to all claims asserted in the petition; and it is further

ORDERED that Respondents' answer shall respond to each factual and legal allegation of the petition, in accordance with Rule 5(b) of the Rules Governing § 2254 Cases; and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the petition by citing to relevant federal law; and it is further

ORDERED that, in addition to addressing the merits of each claim, Respondents shall raise by way of the answer any appropriate defenses that respondents wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Rule 5(c) and (d) of the Rules Governing § 2254 Cases in providing the relevant state-court record of proceedings, including any pro se filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state-court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

ORDERED that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after respondents file the answer, *see* Rule 5(e) of Rules Governing § 2254 Cases; and it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this order on Petitioner by regular U.S. mail.

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge